IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EUGENE JAMES ELLIS, § <br> TDCJ-CID NO. 753358, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § CIVIL ACTION NO. H-07-2768 <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Respondent Nathaniel Quarterman's Motion to Dismiss Petition with Brief in Support (Docket Entry No. 25). For the reasons stated below, respondent's motion will be denied.

### I.  Factual and Procedural Background

Petitioner Eugene James Ellis was convicted of aggravated sexual assault in state court on May 10, 1996.[1] Ellis's conviction became final on May 2, 1998, after the Texas Court of Appeals affirmed it. Ellis did not seek review of his conviction from either the Texas Court of Criminal Appeals or the United States

---

[1] Ex parte Ellis, WR-31,558-02, Judgment on Jury Verdict of Guilty, p. 33.

Supreme Court.[2]  Having exhausted direct review, Ellis filed an application for a writ of habeas corpus in state court ("state application -02") on November 4, 1998, which was denied without written order on February 17, 1999.[3]

Ellis filed a petition for a writ of habeas corpus in federal court ("H-99-978") on March 29, 1999.[4]  However, on January 18, 2000, Ellis moved for voluntary dismissal of his petition so that he could return to state court and exhaust claims concerning alleged defects in the state's indictment.[5]  On March 15, 2000, the court granted Ellis's motion, and in its Memorandum on Dismissal ordered the statute of limitations tolled "providing that Petitioner Ellis file[d] his federal habeas corpus petition, or move[d] to reopen the instant petition, no later than forty-five (45) days after completion of the last of his state court proceedings in this matter."[6]

---

[2] Ex parte Ellis, WR-31,558-07, Application for a Writ of Habeas Corpus, p. 3.

[3] Ex parte Ellis, WR-31,558-02, cover.  Ellis has filed a number of state habeas applications.  For convenience the court will sometimes refer to a petition by the last two numbers.

[4] Federal Pleadings and Orders, Docket Entry No. 26, Petition for a Writ of Habeas Corpus by a Person in State Custody, p. 1.

[5] Federal Pleadings and Orders, Docket Entry No. 26, Motion to Voluntarily Dismiss Petition Without Prejudice, pp. 33-34.

[6] Federal Pleadings and Orders, Docket Entry No. 26, Memorandum on Dismissal ¶ 6, p. 38.

Ellis exhausted his claims in state application -04 filed May 29, 2001.[7] That application was denied as successive on January 30, 2002.[8] Ellis also filed a Motion for a New Trial and DNA Testing ("Motion for DNA Testing") on October 25, 2001, while state application -04 was still pending. The motion was not finally decided until January 24, 2007.[9]

On July 19, 2005, while his Motion for DNA testing was still pending in state court, Ellis moved to reopen H-99-978 and filed another petition for a writ of habeas corpus, which included the claims for which he had requested dismissal to exhaust, and had exhausted in state application -04.[10] The court granted Ellis's motion on September 15, 2005, and reopened Ellis's case without "ruling on whether Petitioner ha[d] met the 45-day time limit

---

[7] Ex parte Ellis, WR-31,558-04, Application for a Writ of Habeas Corpus, pp. 2, 9.

[8] See id. at cover.

[9] The state trial court did not rule on Ellis's motion until May 17, 2005, when the court denied Ellis's motion. State Court Records, Docket Entry No. 14, DNA Motion and Motion for New Trial, No. 9420695, Vol. II pp. 524-25. Ellis appealed this decision to the Texas Court of Appeals, which affirmed the trial court's decision on August 10, 2006. Ellis v. State, No. 14-05-00690-CR, slip op. (Tex. App. -- Houston [14th Dist.] Aug. 10, 2006, pet. ref'd). Ellis filed a petition for discretionary review with the Texas Court of Criminal Appeals, which denied the petition on January 24, 2007. State Court Records, Docket Entry No. 14, Petition for Discretionary Review, In re Ellis at cover, No. 1726-06 (Tex. Crim. App.).

[10] Federal Pleadings and Orders, Docket Entry No. 26, Petition for a Writ of Habeas Corpus by a Person in State Custody, No. H-99-978, pp. 40-50.

imposed in th[e] Court's Memorandum on Dismissal."[11] The court also ordered Ellis to submit proof that he exhausted all of his claims in state court.[12] In response to the court's order, Ellis filed a letter stating that all claims and remedies had been exhausted.[13] Accordingly, the court ordered respondent to file a motion for summary judgment or explain why summary judgment would be inappropriate in Ellis's case.[14]

On January 23, 2006, before the state could respond to the court's order Ellis once again moved for voluntary dismissal of H-99-978.[15] Although Ellis did not explain why he again sought dismissal, he attached to his request for dismissal a copy of a letter from the Harris County District Clerk to Ellis that indicated that the state trial court had denied Ellis's Motion for DNA Testing and that Ellis was appealing that decision.[16] The court granted Ellis's request and dismissed Ellis's petition "without

---

[11]Federal Pleadings and Orders, Docket Entry No. 26, Order, pp. 49-50.

[12]Id. at 50.

[13]Federal Pleadings and Orders, Docket Entry No. 26, Letter to the Court, p. 51.

[14]Federal Pleadings and Orders, Docket Entry No. 26, Order, p. 56.

[15]Federal Pleadings and Orders, Docket Entry No. 26, Voluntary Notice to Dismiss Under Rule 23(e) or Rule 61, p. 57.

[16]Id. at 58.

prejudice" on January 26, 2006, but did not toll the statute of limitations.[17]

Ellis filed his petition with this court on August 27, 2007.[18] Respondent filed a Motion to Dismiss Petition with Brief in Support arguing that Ellis's petition should be dismissed because it is time barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Ellis filed a response arguing that his petition was not time barred based on "newly discovered DNA evidence."[19]

## II.  **Standard of Review**

Respondent moved to dismiss Ellis's petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In support of his motion, however, respondent submitted and relied on evidence that went outside the petition.  Generally, when ruling on a Rule 12(b)(6) motion a court may not look beyond the pleadings. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).  However, "[i]f, on a motion under Rule 12(b)(6) . . .

---

[17]Federal Pleadings and Orders, Docket Entry No. 26, Memorandum on Dismissal, p. 60.  Although initially the court indicated that dismissal was "with prejudice," this appears to have been inadvertent because a subsequent memorandum and a subsequent order both stated that dismissal was "without prejudice," see id. at pp. 61-62.

[18]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1.

[19]Response in opposition to motion to dismiss petition with brief in support, Docket Entry No. 32, first unnumbered page.

matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  When a court construes a motion to dismiss as a motion for summary judgment "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  A party is on notice of the possibility that a court may convert a Rule 12(b)(6) motion into a motion for summary judgment ten days after a party submits evidence outside of the pleadings if the evidence is not excluded by the court. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990).  In Washington the Fifth Circuit explained that

> [u]nder Rule 56, it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence.

901 F.2d at 1284 (quoting Clark v. Tarrant County, Texas, 798 F.2d 736, 746 (5th Cir. 1986)).

Respondent filed his motion to dismiss on December 12, 2007, along with the various state and federal court records related to this case, and relied on those records throughout his motion.[20] Ellis filed his first response to respondent's motion on

---

[20]See, e.g., Respondent's Motion to Dismiss with Brief in Support, Docket Entry No. 25, pp. 1-2.

January 16, 2008, and his second response on February 21, 2008. Because the parties have had at least ten days before the date of this Memorandum Opinion and Order in which to submit additional evidence, the court will treat respondent's motion to dismiss as one for summary judgment and dispose of it under Rule 56. <u>See</u> Fed. R. Civ. P. 12(d); <u>see also</u> <u>Washington</u>, 901 F.2d at 1283-1284.

Under Rule 56 summary judgment is appropriate only if the pleadings and parties' submissions demonstrate that there is no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 applies to habeas corpus cases, <u>see</u> <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000), but only to the extent that the rule is consistent with the AEDPA, <u>see</u> Rule 11 of Rules Governing § 2254 Cases.

### III.  <u>Analysis</u>

Respondent argues that Ellis's petition is time barred because it was filed more than one year after his conviction became final.[21] Ellis (implicitly) urges this court to reject respondent's argument, and calculate the limitation period from the date on which the factual predicate of one of his claims -- his claim for actual innocence -- could have been discovered through the exercise of due diligence. Because petitioner filed his habeas petition after April 24, 1996, the AEDPA applies. <u>Lindh v. Murphy</u>, 117

---

[21]Respondent's Motion to Dismiss Petition with Brief in Support, Docket Entry No. 25, pp. 7-9.

S. Ct. 2059 (1997). Petitions filed under the AEDPA are subject to a one-year limitation period. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period is to be calculated from the latest of four dates, 28 U.S.C. § 2244(d)(1)(A)-(D), only two of which are relevant to this case. Section 2244(d)(1)(A) provides that the one-year limitation period begins running from the date direct review of a petitioner's conviction has been concluded or the time to seek such review has expired. "Section 2244(d)(1)(D) provides for equitable tolling when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner." Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000). Ellis argues that this section applies based on "newly discovered DNA evidence that could not have been discovered through the exercise of due diligence."[22]

Liberally construed, Ellis's petition raises the following four claims: actual innocence based on newly discovered DNA evidence; due process based on alleged defects in the indictment; ineffective assistance of counsel based on counsel's failure to investigate the validity of Ellis's prior convictions; and double jeopardy.[23] Ellis does not dispute that the factual predicate of

---

[22]Response in opposition to motion to dismiss petition with brief in support, Docket Entry No. 32, first unnumbered page.

[23]Ellis raised his claim of actual innocence in the petition. See Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7. The other claims are taken from Ellis's "Notice of Appeals Against Default on Judgment," which is referenced in paragraph 20B of the petition and attached to the petition.

his claims for due process, ineffective assistance of counsel, and double jeopardy was either known to Ellis at the time of trial or could have been discovered with due diligence at that time. Ellis argues only that the factual predicate for his claim of actual innocence -- the "newly discovered DNA evidence" -- was not discoverable with due diligence until sometime after trial.

Ellis's argument raises several novel issues that are important to the disposition of respondent's motion, but which neither party addressed in their submissions to this court. The date on which the factual predicate of Ellis's claims could have been discovered is not the same for all claims. Accordingly, Ellis's argument raises the question whether a court may, consistent with the AEDPA, apply a different limitation period to different claims raised in the same habeas petition. The court has found no reported cases from the Fifth Circuit regarding this issue, and courts in other circuits that have decided this question have reached different conclusions. In <u>Walker v. Crosby</u>, 341 F.3d 1240 (11th Cir. 2003), the court held that in cases where a petition raises one timely claim and several time-barred claims, the timely claim allows for the "resurrection" of the time-barred claims because § 2244(d)(1) permits only one limitation period to be applied to a petition, and does not permit the limitation period to be applied on a claim-by-claim basis. <u>Id.</u> at 1242-47. However, in <u>Fielder v. Varner</u>, 379 F.3d 113 (3d Cir. 2004), the Third

Circuit took a different approach. Disagreeing with the result reached in <u>Walker</u>, the Third Circuit held that § 2244(d)(1) should be interpreted as allowing the same claim-by-claim application of the limitation period that is permitted in civil and criminal cases. <u>Id.</u> at 118-22.

Moreover, assuming that the <u>Walker</u> interpretation of § 2244(d)(1) is the correct interpretation, another novel question remains. The factual predicate that Ellis argues could not have been discovered with due diligence (the "newly discovered DNA evidence") applies only to his actual innocence claim. However, "actual-innocence is not an independently cognizable federal-habeas claim." <u>Foster v. Quarterman</u>, 466 F.3d 359, 367 (5th Cir. 2006). The issue thus becomes whether Ellis's claim of actual innocence is a "claim" within the meaning of § 2244(d)(1)(D) that could resurrect his other potentially time barred claims under <u>Walker</u>.

Because neither party has cited authorities in their briefs or presented the court with any argument regarding any of these important issues, the court will deny respondent's motion to dismiss without prejudice, and will order him to submit a motion for summary judgment addressing these and other issues.

### IV. <u>Conclusion and Order</u>

Respondent's Motion to Dismiss Petition with Brief in Support (Docket Entry No. 25) is **DENIED without prejudice**. Respondent is **ORDERED** to file a motion for summary judgment within thirty days of

the entry of this Memorandum Opinion and Order. Respondent is **ORDERED** to address Ellis's claims on the merits and to fully address the following issues: (1) which date the court should consider as the date on which Ellis could have discovered the DNA evidence through due diligence; (2) whether the AEDPA permits a court to apply the limitation period on a claim-by-claim basis; and (3) assuming the AEDPA does not permit a claim-by-claim application of the limitation period, whether Ellis's claim of actual innocence is a "claim" within the meaning of § 2244(d)(1)(D). Ellis will be given thirty days to submit <u>a single</u> response to respondent's motion. Because of the age of this case, neither party will be granted an extension, and the court does not desire any supplements or replies to these two filings.

**SIGNED** at Houston, Texas, on this the 9th day of May, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE